1  ROCKARD J. DELGADILLO, City Attorney
   RICHARD M. BROWN, General Counsel
2  for Water and Power
   JOSEPH A. BRAJEVICH, Asst. General Counsel
3  for Water and Power
   S. DAVID HOTCHKISS (Bar No. 076821)
4  Assistant City Attorney
   FAY A. CHU (Bar No. 121864)
5  Deputy City Attorney
   111 North Hope Street, Suite 340
6  P. O. Box 51111
   Los Angeles, California 90051-0100
7  Telephone: (213)367-4579

8  Attorneys for Defendant
   Department of Water & Power,
9  City of Los Angeles

10

11             UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13

14 
   CONOCOPHILLIPS COMPANY      ) CASE NO. CV07-05742 ABC (JTLx)
15                             ) [Hon. Audrey B. Collins]
              Plaintiff,        )
16                             )
         vs.                    ) **DEFENDANT DEPARTMENT OF**
17                             ) **WATER & POWER, CITY OF LOS**
   DEPARTMENT OF WATER &       ) **ANGELES' REPLY MEMORANDUM**
18 POWER, CITY OF LOS ANGELES, ) **IN SUPPORT OF MOTION TO**
                               ) **DISMISS**
19            Defendant.        )
                               ) [FRCP Rules 12 (b) (1) and (6)]
20                             )
                               ) Date:  February 25, 2008
21                             ) Time:  10:00 a.m.
                               ) Courtroom: 680
22                             )
                               ) Complaint Filed: September 4, 2007
23                             ) Trial Date:      None Set
                               )
24 ─────────────────────────────

25 ///

26 ///

27                                    1

# THE DISTRICT COURT LACKS JURISDICTION OVER PLAINTIFF'S UNTIMELY AS APPLIED CHALLENGE TO MUNICIPAL ELECTRIC RATES

The gravamen of Plaintiff ConocoPhillips Company's (CoP) complaint is that it operates a qualified electrical co-generation facility (QF) in defendant Department of Water & Power, City of Los Angeles' (LADWP) service area and CoP purchases standby service from LADWP when its QF is out of service. (Complaint ¶¶ 3, 4.)[1] CoP asserts that although LADWP initially adopted co-generation rates in compliance with PURPA regulations, subsequent rate schedules adopted by ordinance effective January 1, 2005 are unjustified, unfair and unreasonable. (Complaint ¶¶ 6, 7-9.) In sum and substance, CoP objects to an electric rate increase. *Id.*

CoP invokes this court's jurisdiction pursuant to 28 U.S.C. § 1331. However, in cases of this type federal jurisdiction is limited. If CoP had alleged that LADWP wholly failed to implement electric rates in compliance with PURPA requirements, federal jurisdiction would clearly lie. Such is not the case here. CoP concedes that LADWP's original co-generation rates properly implemented PURPA. (Complaint ¶ 21.) Now CoP directly challenges LADWP's implementation plan, i.e. its co-generation rate ordinance, for its effect on CoP as a QF owner because the co-generation rates were increased in 2005.[2] As such this suit is an "as applied" challenge which may only be made in state court under PURPA § 210(g). *See* 16 U.S.C. § 824; *cf. Massachusetts Institute of Technology v. Massachusetts Dept. of Public Utilities,* 941 F. Supp. 233, 237 (D. Mass.1996) (contention that the nonregulated utility's implementation plan is unlawful

---

[1] A copy of the complaint on file in this matter has been filed with the court under separate cover as Defendant's Request for Judicial Notice, Exhibit 1.

[2] The complaint is devoid of any allegation that the 2005 rates have no relationship to LADWP's costs of service to its co-generation customers, or that the rates produce an unreasonable rate of return.

as it applies to an individual petitioner is an "as applied" claim belonging in state court); *Greensboro Lumber Co. Georgia Power Co.*, 643 F. Supp. 1345, 1372 (N.D. Ga. 1986), *aff'd*, 844 F.2d 1538 (11th Cir. 1988) (same result).

    As discussed more thoroughly in LADWP's initial memorandum, aside from CoP's PURPA allegations plaintiff also alleges violations of both state law and constitutional due process in the enactment of the LADWP's municipal rate ordinances. For the reasons explained there, CoP's state claims are time-barred by the applicable statute of limitations and allegations of constitutional tort are also barred for failure to properly allege a *Monell* claim against the City of Los Angeles and its Department of Water and Power.

    CoP has not pleaded facts sufficient to constitute any cause of action cognizable by this court. LADWP's motion to dismiss should therefore be granted, without leave to amend. Plaintiff CoP remains free to seek whatever relief is available in state court for its "as applied" PURPA challenge and its other challenges to LADWP's duly enacted rate ordinance.

Dated: February 13, 2008        Respectfully submitted,

ROCKARD J. DELGADILLO, City Attorney
RICHARD M. BROWN, General Counsel
Water and Power

By: _____
S. DAVID HOTCHKISS
Assistant City Attorney

Attorneys for Defendant Department
of Water & Power, Los Angeles

**PROOF OF SERVICE**

I am employed in the County of Los Angeles; I am over the age of eighteen years and am not a party to the within entitled action; my business address is 111 North Hope Street, Suite 340, Los Angeles, California 90012-2694. On February 13, 2008, I served the within documents:

**DEFENDANT DEPARTMENT OF WATER & POWER, CITY OF LOS ANGELES' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Michael Alcantar, Esq.
Donald Brookhyser, Esq.
Alcantar & Kahl, LLP
120 Montgomery Street, Ste. 2200
San Francisco, CA 94104

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 13, 2008, at Los Angeles, California.

_____
Patricia A. Jacobson