1  Michael Alcantar
   mpa@a-klaw.com
2  California Bar #65020
   Donald Brookhyser
3  deb@a-klaw.com
   California Bar #141766
4  Alcantar & Kahl, LLP
   120 Montgomery Street
5  Suite 2200
   San Francisco, CA 94104
6  503.402.8702 (direct)
   503.402.8882 (fax)
7  mpa@a-klaw.com

8  G. Emmett Raitt, Jr.
   geraitt@raittlaw.com
9  California Bar #67214
   Raitt & Associates,
10 A Professional Law Corporation
   4199 Campus Drive, Suite 700
11 Irvine, California 92612-4698
   949.854.8380 (office)
12 949.861.9468 (fax)

13 Attorneys for Plaintiff ConocoPhillips Company

14                     UNITED STATES DISTRICT COURT

15                    CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 16  CONOCOPHILLIPS COMPANY, ) | CASE NO. CV07-05742 ABC (JTLx) |
| 17              Plaintiffs, ) | **PLAINTIFF CONOCOPHILLIPS** |
|     v.                     ) | **COMPANY'S MEMORANDUM OF** |
| 18                         ) | **CONTENTIONS OF FACT AND LAW** |
|     DEPARTMENT OF WATER & POWER, ) | |
| 19  CITY OF LOS ANGELES,   ) | Trial Date:        November 3, 2009 |
|                            ) | Time:                   10:00 a.m. |
| 20              Defendant. ) | Courtroom:                      680 |
| 21                         | Complaint Filed:   September 4, 2007 |
|                            | Final Pretrial |
| 22                         | Conference:      September 28, 2009 |

23        Plaintiff ConocoPhillips Company ("Plaintiff") respectfully submits the following

24 Memorandum of Contentions of Fact and Law for the convenience of the court:

25

26        1.    <u>Claim 1</u>: The CG-3 rate schedule adopted by Defendant Department of Water &

27 Poser, City of Los Angeles ("LADWP") violates state common law in that its rates are not just

28 and reasonable.

      A.     Elements of claim:

          i.     The reasonableness of a rate should be based on the utility's operating expenses or cost of service and a fair return on the utility's investment. <u>Hansen v. City of San Buenaventura</u> (1986) 42 Cal.3d 1172, 729 P.2d 186, 233 Cal.Rptr. 22 (1986); *see, also,* <u>Southern Cal. Gas Co. v. Public Utilities Com.</u> (1979) 23 Cal.3d 470, 474, 153 Cal.Rptr. 10, 591 P.2d 34).

          ii.    Government Code §54514 requires that a utility's rates be "the lowest possible cost consistent with sound economy, and prudent management, and the security and payment of the principal and interest of the bonds."

      B.     Key evidence to support claim:

          i.     Expert Report of Robert Stephens dated July 31, 2009, Ex. 26;

          ii.    LADWP Embedded Class Cost of Service Study for FY2002-2003, Ex. 27;

          iii.   LADWP Embedded Class Cost of Service Study For FY2003-2004, Ex. 28;

          iv.   LADWP Embedded Class Cost of Service Study For FY2004-2005, Ex. 29;

          v.    LADWP Embedded Class Cost of Service Study For FY2005-2006, Ex. 30;

          vi.   Stipulated Fact No. 12.

   2.   <u>Claim 2</u>: LADWP's CG-3 rate schedule violates state common law in that its rates are discriminatory.

      A.     Elements of claim:

          i.     A rate is discriminatory if it does not provide "uniform operation for customers of similar circumstances" as required by LA City Charter, Sec. 676.

          ii.    Improper discrimination occurs when a utility charges different rates when costs of providing service are same or comparable, as measured by the rate of return

produced. Hansen v. City of San Buenaventura (1986) 42 Cal.3d 1172, 729 P.2d 186, 233 Cal.Rptr. 22; Durant v. City of Beverly Hills (1940) 39 Cal.App.2d 133, 102 P.2d.

  B. Key evidence to support claim:

    i. Expert Report of Robert Stephens dated July 31, 2009, Ex. 26;

    ii. LADWP Embedded Class Cost of Service Study for FY2002-2003, Ex. 27;

    iii. LADWP Embedded Class Cost of Service Study For FY2003-2004, Ex. 28;

    iv. LADWP Embedded Class Cost of Service Study For FY2004-2005, Ex. 29;

    v. LADWP Embedded Class Cost of Service Study For FY2005-2006, Ex. 30;

    vi. LA City Council Ordinance 175722, adopted December 16, 2003, Schedule A-3, Ex. 1.

 3. Claim 3: LADWP's CG-3 rate schedule violates PURPA, 16 U.S.C. §824a-3, in that it is not just and reasonable.

  A. Elements of claim:

    i. "'Just and reasonable' is intended to refer to traditional utility rate making concepts." Conference Report, No. 95-1750, 95th Cong, October 10, 1978, p. 98. The "traditional utility rate making concepts" are described by Claims 1 and 2 above based on state common law.

    ii. The reasonableness of a rate should be based on the utility's operating expenses or cost of service and a fair return on the utility's investment. Hansen v. City of San Buenaventura (1986) 42 Cal.3d 1172, 729 P.2d 186, 233 Cal.Rptr. 22 (1986); *see, also*, Southern Cal. Gas Co. v. Public Utilities Com. (1979) 23 Cal.3d 470, 474, 153 Cal.Rptr. 10, 591 P.2d 34).

    iii. Government Code §54514 requires that a utility's rates be "the

Plaintiff's Memorandum of Contentions of Fact and Law.wpd  [RECYCLED PAPER]

lowest possible cost consistent with sound economy, and prudent management, and the security and payment of the principal and interest of the bonds."

   B. Key evidence to support claim:
     i. Expert Report of Robert Stephens dated July 31, 2009, Ex. 26;
     ii. LADWP Embedded Class Cost of Service Study for FY2002-2003, Ex. 27;
     iii. LADWP Embedded Class Cost of Service Study For FY2003-2004, Ex. 28;
     iv. LADWP Embedded Class Cost of Service Study For FY2004-2005, Ex. 29;
     v. LADWP Embedded Class Cost of Service Study For FY2005-2006, Ex. 30;
     vi. Stipulated Fact No. 12.

 4. <u>Claim 4</u>: LADWP's CG-3 rate schedule violates PURPA, 16 U.S.C. §824a-3, that its rates are discriminatory compared with other rate schedules.

   A. Elements of claim:
     i. A rate is discriminatory if it does not provide "uniform operation for customers of similar circumstances" as required by LA City Charter, Sec. 676.
     ii. Improper discrimination occurs when a utility charges different rates when costs of providing service are same or comparable, as measured by the rate of return produced. <u>Hansen v. City of San Buenaventura</u> (1986) 42 Cal.3d 1172, 729 P.2d 186, 233 Cal.Rptr. 22; <u>Durant v. City of Beverly Hills</u> (1940) 39 Cal.App.2d 133, 102 P.2d.

   B. Key evidence to support claim:
     i. Expert Report of Robert Stephens dated July 31, 2009, Ex. 26;
     ii. LADWP Embedded Class Cost of Service Study for FY2002-2003, Ex. 27;
     iii. LADWP Embedded Class Cost of Service Study For FY2003-

-5-

1    2004, Ex. 28;

2                iv.    LADWP Embedded Class Cost of Service Study For FY2004-

3    2005, Ex. 29;

4                v.    LADWP Embedded Class Cost of Service Study For FY2005-

5    2006, Ex. 30;

6                vi.    LA City Council Ordinance 175722, adopted December 16, 2003,

7    Schedule A-3, Ex. 1.

8                vii.    Difference between the CG-3 rate and the A-3 rate.

10    5.    <u>Claim 5</u>: LADWP's CG-3 rate schedule violates PURPA in that its rates do not

11    encourage cogeneration.

12        A.    Elements of claim:

13                i.    16 USC §824a-3 requires regulatory bodies, including the Los

14    Angeles City Council, to adopt rules that encourage cogeneration.

15                ii.    Government Code §54514 requires that a utility's rates be "the

16    lowest possible cost consistent with sound economy, and prudent management, and the security

17    and payment of the principal and interest of the bonds."

18                iii.    LADWP's CG-3 rate schedule over collects costs, thereby

19    discouraging cogeneration

20        B.    Key evidence to support claim:

21                i.    Expert Report of Robert Stephens dated July 31, 2009, Ex. 26;

22                ii.    LADWP Embedded Class Cost of Service Study for FY2002-2003,

23    Ex. 27;

24                iii.    LADWP Embedded Class Cost of Service Study For FY2003-

25    2004, Ex. 28;

26                iv.    LADWP Embedded Class Cost of Service Study For FY2004-

27    2005, Ex. 29;

28                v.    LADWP Embedded Class Cost of Service Study For FY2005-

2006, Ex. 30;

    vi. Stipulated Fact No. 12.

 6. <u>Claim 6</u>: Plaintiff is entitled to a refund of monies collected under the CG-3 rate schedule which were in excess of a just, reasonable and non-discriminatory rate.

  A. Elements of claim:

    i. Government Code §54514 requires that a utility's rates be "the lowest possible cost consistent with sound economy, and prudent management, and the security and payment of the principal and interest of the bonds."

    ii. The reasonableness of a rate should be based on the utility's operating expenses or cost of service and a fair return on the utility's investment. <u>Hansen v. City of San Buenaventura</u> (1986) 42 Cal.3d 1172, 729 P.2d 186, 233 Cal.Rptr. 22 (1986); see, also, <u>Southern Cal. Gas Co. v. Public Utilities Com.</u> (1979) 23 Cal.3d 470, 474, 153 Cal.Rptr. 10, 591 P.2d 34)

    iii. "'Just and reasonable' is intended to refer to traditional utility rate making concepts." Conference Report, No. 95-1750, 95th Cong, October 10, 1978, p. 98.

    iv. The "traditional utility rate making concepts" are described by Claims 1 and 2 above based on state common law.

    v. "The proper remedy is one that puts the parties in the position they would have been in had the error not been made." <u>AT&T Corp. v. FCC</u>, 448 F.3d 426, 433 (D.C. Cir. 2006), quoting <u>Exxon v. FERC</u>, 182 F.3d 30, 49 (D.C. Cir. 1999) (citing additional cases).

  B. Key evidence to support claim:

    i. Expert Report of Robert Stephens dated July 31, 2009, Ex. 26;

    ii. LADWP Embedded Class Cost of Service Study for FY2002-2003, Ex. 27;

    iii. LADWP Embedded Class Cost of Service Study For FY2003-2004, Ex. 28;

    iv. LADWP Embedded Class Cost of Service Study For FY2004-

2005, Ex. 29;

     v. LADWP Embedded Class Cost of Service Study For FY2005-2006, Ex. 30;

     vi. Stipulated Fact No. 12.

     vii. Monies paid by Plaintiff to LADWP in excess of the just, reasonable and non-discriminatory rates Plaintiff should have paid.

  7. <u>Claim 7</u>: Plaintiff is entitled to pre-judgment interest on any judgment for refunds on amounts previously paid to LADWP.

   A. Elements of claim: Plaintiff is entitled to pre-judgment interest where it has established its right to recover a sum certain or a sum capable of calculation. Civil Code § 3287; <u>Chesapeake Industries, Inc. v. Togova Enterprises, Inc.</u> (1983) 149 Cal. App. 3d 901, 907, 197 Cal.Rptr. 348 (defendant actually knew amount owed or from reasonably available information could have computed such amount). <u>Fireman's Fund Ins. Co. v. Allstate Ins. Co.</u> (1991) 234 Cal. App. 3d 1154, 286 Cal.Rptr. 146

   B. Key evidence:

     i. Expert Report of Robert Stephens dated July 31, 2009, Ex. 26;

     ii. LADWP Embedded Class Cost of Service Study for FY2002-2003, Ex. 27;

     iii. LADWP Embedded Class Cost of Service Study For FY2003-2004, Ex. 28;

     iv. LADWP Embedded Class Cost of Service Study For FY2004-2005, Ex. 29;

     v. LADWP Embedded Class Cost of Service Study For FY2005-2006, Ex. 30;

     vi. Stipulated Fact No. 12.

     vii. Monies paid by Plaintiff to LADWP in excess of the just, reasonable and non-discriminatory rates Plaintiff should have paid., as determined under Claim 5

above.

8. <u>Claim 8</u>: Plaintiff is entitled to attorneys fees and costs.

    A. Elements of claim: Code of Civil Procedure §1021.5 allows attorneys fees to a successful party who has enforced an important right in the public interest, where a benefit is provided to a large class of persons. Code of Civil Procedure § 1021 allows costs to a successful party

    B. Key evidence: Costs and attorney's fees to be proved after judgment.

9. <u>Plaintiff's Response to LADWP's Affirmative Defenses</u>:

    A. LADWP contends refunds for billings already paid are prohibited by Filed Rate Doctrine.

    B. Plaintiff's response:

        i. The Federal Filed Rate Doctrine (as described in <u>Montana-Dakota Utilities Co. v. Northwestern Public Service Co.</u> (1951) 341 U.S. 246, 251-252, 71 S.Ct. 692, 695 (1951)) is not applicable to the rate ordinance that is the subject of this case based on the fact that the rate ordinance was not approved by FERC.

        ii. The California Filed Rate Doctrine as codified in California Public Utilities Code Sections 453 and 532 is not applicable to the rate ordinance in dispute, because LADWP is not a "public utility" regulated by the California Public Utilities Commission to which those sections apply.

        iii. Even if either Filed Rate Doctrine is applicable, case law recognizes that the doctrine does not prohibit retroactive refunds where there has been notice given of a claim that the rate is improper. Exxon Co., U.S.A. v. FERC (D.C.Cir.1999) 182 F.3d 30, 49. Such notice was given in this case both by the claim filed with the LADWP Board and by the complaint filed at FERC.

///

10. <u>Identification of any anticipated evidentiary issues</u>: Plaintiff objects to the relevance and materiality of LADWP's Exhibits 43 and 44 to the extent they are introduced to support LADWP's affirmative defense of the Filed Rate Doctrine. Plaintiff objects that the defense is not applicable in this case, for the reasons stated in Paragraph 9 above, and the Exhibits are therefore irrelevant.

DATED: September 8, 2009

ALCANTAR & KAHL, LLP

RAITT & ASSOCIATES,
A Professional Law Corporation

By: _____
G. EMMETT RAITT, JR.
Attorneys for Plaintiff
ConocoPhillips Company

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

 I am employed in the County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 4199 Campus Drive, Suite 700, Irvine, California 92612, where this mailing occurred. I am readily familiar with the practices of Raitt & Associates for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

 On **September 8, 2009**, I served the foregoing document bearing the title **PLAINTIFF CONOCOPHILLIPS COMPANY'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** on the interested parties in said action by placing [ ] the original [x] a true copy thereof enclosed in a sealed envelope [ ] addressed as stated on the attached mailing list.[x] addressed as follows:

| | |
|---|---|
| S. David Hotchkiss, Esq.<br>Los Angeles City Attorney<br>Los Angeles City Attorney<br>111 N. Hope Street, Suite 340<br>PO Box 51111<br>Los Angeles, CA 90051-0100 | Attorney for Defendant Department of Water & Power, City of Los Angeles |

[x] (BY MAIL) I placed such envelope, with postage thereon fully prepaid, for collection and mailing on this date following ordinary business practices.

[ ] (PERSONAL SERVICE) I caused such envelope to be delivered by hand to the addressee.

[ ] (BY FAX) I caused such document to be delivered by facsimile transmission to the addressee at the following fax number, and obtained a confirmation of such delivery: (213) 367-4588.

[ ] (BY OVERNIGHT DELIVERY) I placed such envelopes in a box or other facility regularly maintained by the express service carrier in an envelope designated by the express service carrier with delivery fees paid or provided for, addressed to the person identified above.

[ ] (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[x] (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

Executed on **September 8, 2009**, at Irvine, California.

_____
G. EMMETT RAITT, JR.